[Cite as *State v. Ferrell*, 2013-Ohio-4651.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CAC 01 0001 |
| STEPHEN FERRELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Municipal Court,
                                                      Case Nos.  12 TRC 06056 & 12 TRC 11516


JUDGMENT:                                   Affirmed


DATE OF JUDGMENT ENTRY:        October 21, 2013


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

MARK CORROTO                            WILLIAM T. CRAMER
PROSECUTING ATTORNEY            470 Olde Worthington Road
ELIZABETH A. MATUNE                  Suite 200
ASSISTANT PROSECUTOR            Westerville, Ohio  43082
70 North Union Street
Delaware, Ohio  43015

*Wise, J.*

{¶1} Appellant Stephen Ferrell appeals the judgment of the Delaware County Municipal Court, which convicted him on merged OVI counts, following the denial of his suppression motion and his entry of pleas of no contest. The relevant facts leading to this appeal are as follows.

{¶2} At about 12:15 AM on May 27, 2012, Officer David Leighty of the Westerville Police Division encountered appellant, operating a 2004 Saab, stopped at a traffic light at the intersection of State Street and Maxtown Road. As he made a left turn at said intersection, Leighty noticed that appellant was not wearing a seatbelt. As Leighty continued through his turn, he looked back and noticed the rear license plate of the vehicle was not illuminated, even though the vehicle's headlights were on. The officer made a U-turn and followed the Saab into a nearby grocery store parking lot.

{¶3} Upon further investigation, which is not at issue in the present appeal, appellant was charged with operating a vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a), operating a vehicle with a prohibited level of alcohol in his blood in violation of R.C. 4511.19(A)(1)(b), refusing to submit to chemical testing in violation of R.C. 4511.19(A)(2), driving under suspension in violation of R.C. 4510.11, driving without a seatbelt in violation of R.C. 4513.263, and failing to have his rear license plate properly illuminated in violation of R.C. 4513.05.

{¶4} After the State received the results of a blood test, appellant was charged with a second count of operating a vehicle with a prohibited level of blood-alcohol in violation of R.C. 4511.19(A)(1)(b). It was further alleged that he had two prior OVI

convictions within six years, which elevated the potential punishment for the OVI-related offenses.

{¶5} On August 14, 2012, appellant filed a motion to suppress. A suppression hearing was conducted on September 24, 2012. On that date, the lab technician that had analyzed the blood-draw was not available for the initial suppression hearing date. The parties agreed to move forward with the challenges to the traffic stop at the first hearing, taking the testimony of Officer Leighty. The matter was scheduled for a second hearing to review issues relating to the preservation and testing of the blood sample. However, the second hearing did not go forward; instead the court was provided with photographs of appellant's Saab, taken at some point subsequent to the stop in question.

{¶6} On November 15, 2012, via a detailed twenty-three page judgment entry, the trial court overruled the motion to suppress.

{¶7} On December 26, 2012, appellant pleaded no contest to all of the aforesaid charges. The OVI offenses were all merged into the refusal count. In regard to the refusal count, the court imposed three years of community control, 60 days in jail, a fine of $1,000.00, a five-year license suspension, and a mandatory alcohol addiction treatment program. The court imposed an additional consecutive ten days in jail, a fine of $300.00, and a six-month license suspension for driving under suspension. In regard to the seatbelt and license plate lighting violations, the court imposed specific fines against appellant.

{¶8} Appellant thereupon filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶9}** "I. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS."

I.

**{¶10}** In his sole Assignment of Error, appellant contends the trial court erred and violated his constitutional rights in overruling his motion to suppress. We disagree.

**{¶11}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N .E.2d 726. As a general rule, "determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶12}** "It is well-settled law in Ohio that reasonable and articulable suspicion is required for a police officer to make a warrantless stop." *State v. Bay,* Licking App.No. 06CA113, 2007-Ohio-3727, ¶ 65, citing *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. "* * * [R]easonable suspicion is not proof beyond a reasonable doubt, but is judged by all the surrounding circumstances." *State v. Boyd* (Oct. 10, 1996), Richland App.No. 96-CA-3. However, when police observe a traffic offense being committed, the initiation of a traffic stop does not violate Fourth Amendment guarantees, even if the stop was pretextual or the offense so minor that no reasonable officer would issue a citation for it. *State v. Mullins,* Licking App.No. 2006-CA-00019, 2006 WL 2588770, ¶ 26, citing *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 1774-75.

**{¶13}** Appellant in the case sub judice essentially maintains the trial court applied an erroneous legal standard by effectively requiring an operator of a motor vehicle to provide "full illumination" of the rear license plate. He urges that the trial court misinterpreted our affirmance of the denial of a suppression motion in *State v. Helline*, Ashland App.No. 01COA01424, 2001-Ohio-1899. The facts of *Helline* entail a dual-light system on a rear plate where one bulb was completely out and the other was heavily covered with dirt. *See id. a*t 1. We note the relevant traffic statute, R.C. 4513.05, provides in pertinent part: "*** Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, * * * and render it legible from a distance of fifty feet to the rear. * * *" As noted in our recitation of the facts of the present case, the trial court was supplied with several photographs of the rear license plate area of appellant's Saab, taken some time after

the stop in question. The trial court judge subsequently stated that he was "willing to accept the photos as a true representation of the appearance of the Saab's license plate at the time of the stop." Judgment Entry Denying Motion to Suppress, November 15, 2012, at 10. As appellant correctly notes, the trial court, although ultimately determining that the stop was valid, concluded that based on the photographs, the rear license plate may have been at least partially illuminated, although more than half of the letters/number on the plate appeared to be unlit. *See id.* at 10. The trial court judge, nonetheless, did "give credence to Officer Leighty's testimony, which convinces me that the plate did not appear to be properly illuminated at the time of the traffic stop." *Id.* at 10.

**{¶14}** However, based on our de novo review of these issues (*Ornelas*, supra), we are not bound by the trial court's application of the post-incident photographic exhibits. Our review of the transcript of the suppression hearing reveals that Officer Leighty repeated at least ten times in his testimony his observation that appellant's Saab did *not* have an operating rear license plate light. *See* Tr. at 8, 9, 10, 22 (line 13), 22 (line 21), 24, 25, 26, and 27 (line 3) and 27 (line 10). At one point, he noted: "*** I have been doing this long enough that when there is no license plate light it is completely dark back there. You can't see the plate." Tr. at 25.

**{¶15}** It has been aptly stated that "*** only when an officer is unable to articulate a reasonable suspicion of either a traffic or equipment violation or some other violation of law that an investigatory stop is not justified." *City of Akron v. Dotson*, Summit App.No. 19053, 1998 WL 852573 (emphases deleted), citing *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660. Just as in our decision in

*Helline*, reasonable and articulable grounds to make the stop could be properly found where a law enforcement officer makes an on-the-road investigatory observation that a vehicle's license plate lighting is either non-existent or significantly obscured.

{¶16} Accordingly, based upon the totality of the circumstances, we hold the State presented sufficient evidence to support a finding of reasonable suspicion to conduct the traffic stop in question. At that point, the officer's observation of the indicia of intoxication justified a further investigatory detention. The trial court did not apply an incorrect legal standard or otherwise err in denying appellant's motion to suppress under the circumstances presented.

{¶17} Appellant's sole Assignment of Error is therefore overruled.

{¶18} For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, J., concurs

Hoffman, P. J., concurs separately.

_____

HON. JOHN W. WISE

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

JWW/d 0913

*Hoffman, P.J., concurring*

{¶19} I concur in the majority's decision to overrule Appellant's sole assignment of error.

{¶20} While we review de novo application of the law to the established facts, we are bound by the trial court's factual finding regarding the post-incident photographic exhibits, unless such finding is against the manifest weight of the evidence. I interpret the majority opinion as concluding the trial court's acceptance of the post-incident photos as a true representation of the appearance of the license plate at the time of the stop as being against the manifest weight of the evidence.

{¶21} I would affirm the trial court's ultimate decision without addressing whether its acceptance of the photos was against the manifest weight of the evidence. I find it unnecessary to do so.

{¶22} The statute does not require the license plate be "fully-illuminated";[1] rather, it be sufficiently illuminated to render it legible from a distance. The trial court's conclusion the photographs establish the license plate may have been at least partially illuminated, although more than half of the letters/numbers appear to have been unlit; i.e., illegible, is sufficient to support a violation of R.C. 4513.05; thereby justifying the traffic stop.

_____
HON. WILLIAM B. HOFFMAN

---

[1] I find Appellant's suggestion the trial court found the license plate must be fully illuminated to comply with the statute unpersuasive.

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                 :
                                              :
    Plaintiff-Appellee                        :
                                              :
-vs-                                          :          JUDGMENT ENTRY
                                              :
STEPHEN FERRELL                               :
                                              :
    Defendant-Appellant                       :          Case No. 13 CAC 01 0001


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY